UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COLEEN FERENCZI,

                    Case No. 18-cv-3352-FB -SJB

           v.

                    FIRST AMENDED
CITY OF NEW YORK AND NEW YORK CITY      COMPLAINT
POLICE DETECTIVE MICHAEL BENNETT, NEW YORK
CITY POLICE DETECTIVE GENARO BARREIRO, NEW
YORK CITY POLICE OFFICER "JOHN DOE "3", AND
NEW YORK CITY POLICE DETECTIVE MICHAEL
FRIEDMAN.

(The name "John Doe "3" being fictitious as the true name is
not presently known)
------------------------------------------------------------------X

        Plaintiff, COLEEN FERENCZI, by her attorney, JAMES K. O'HALLORAN,

ESQ., complaining of the Defendants, respectfully shows and alleges as follows:

        **FIRST:**        This action is brought pursuant to 42 U.S.C. 1983 and 1988.

Jurisdiction is founded upon 28 U.S.C. 1331 and 1334. Plaintiff further invokes the

pendent jurisdiction of this Court to hear and decide claims arising under state law.

        **SECOND:**        That at all times hereinafter mentioned, the Plaintiff,

COLEEN FERENCZI, was and still is a citizen and resident of the City and State of New

York.

        **THIRD:**        That at all times hereinafter mentioned, the Defendant, CITY

OF NEW YORK, was and still is a municipal corporation duly organized and existing

under the laws of the State of New York.

**FOURTH:** That at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK, was and still is a municipal corporation doing business in the State of New York.

**FIFTH:** Upon information and belief, at all times relevant to this complaint, the individual Defendant, NEW YORK CITY POLICE DETECTIVE MICHAEL BENNETT was and still is a police officer employed by the Defendant, CITY OF NEW YORK.

**SIXTH:** Upon information and belief, at all times relevant to this complaint, the individual Defendant, NEW YORK CITY POLICE DETECTIVE GENARO BARREIRO was and still is a police officer employed by the Defendant, CITY OF NEW YORK.

**SEVENTH:** Upon information and belief, at all times relevant to this complaint, the individual Defendant, NEW YORK CITY POLICE OFFICER "JOHN DOE 3" was and still is a police officer employed by the Defendant, CITY OF NEW YORK.

**EIGHTH:** Upon information and belief, at all times relevant to this complaint, the individual Defendant, NEW YORK CITY POLICE OFFICER "JOHN DOE 3" was and still is a police officer employed by the Defendant, CITY OF NEW YORK.

**NINTH:** Upon information and belief, at all times relevant to this complaint, the individual Defendant, NEW YORK CITY POLICE DETECTIVE MICHAEL FRIEDMAN was and still is a police officer and/or detective employed by the Defendant, CITY OF NEW YORK.

**TENTH:** That upon information and belief and at all times hereinafter mentioned, the individual Defendant, NEW YORK CITY POLICE DETECTIVE

MICHAEL BENNETT, was acting within the course of his employment and/or official policy, practice, custom or usage of the Defendant, CITY OF NEW YORK, and under color of state law, that is, under color of the Constitution, statutes, laws, ordinances, rules, regulations customs and usages of the United States, City and State of New York.

**ELEVENTH:** That upon information and belief and at all times hereinafter mentioned, the individual Defendant, NEW YORK CITY POLICE DETECTIVE GENARO BARREIRO, was acting within the course of his employment and/or official policy, practice, custom or usage of the Defendant, CITY OF NEW YORK, and under color of state law, that is, under color of the Constitution, statutes, laws, ordinances, rules, regulations customs and usages of the United States, City and State of New York.

**TWELFTH:** That upon information and belief and at all times hereinafter mentioned, the individual Defendant, NEW YORK CITY POLICE OFFICER "JOHN DOE 3", was acting within the course of his employment and/or official policy, practice, custom or usage of the Defendant, CITY OF NEW YORK, and under color of state law, that is, under color of the Constitution, statutes, laws, ordinances, rules, regulations customs and usages of the United States, City and State of New York.

**THIRTEENTH:** That upon information and belief and at all times hereinafter mentioned, the individual Defendant, NEW YORK CITY POLICE DETECTIVE MICHAEL FRIEDMAN, was acting within the course of his employment and/or official policy, practice, custom or usage of the Defendant, CITY OF NEW YORK, and under color of state law, that is, under color of the Constitution, statutes, laws, ordinances, rules, regulations customs and usages of the United States, City and State of New York.

**FOURTEENTH:** That the Plaintiff sues the individual Defendants each in their individual and official capacities.

**FIFTEENTH:** That Notice of Intention to Sue, as required by Section 50 (e) of the General Municipal Law of the State of New York, was served by the Plaintiff upon the Defendant, CITY OF NEW YORK, on or about February 2, 2018, within 90 days after the cause of action arose; that on or about April 4, 2018, Plaintiff appeared for the 50-H hearing and same was conducted; that at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to the CITY OF NEW YORK for adjustment and that it has neglected and/or refused to make adjustment or payment thereof; and that this action is commenced within one year and ninety (90) days after the cause of action accrued.

**SIXTEENTH:** That 42 U.S.C. 1983 provides that every person who under color of any statues, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law suit in equity, or other proper proceeding for redress.

**SEVENTEENTH:** That on or about November 8, 2017, the Plaintiff was lawfully present at her home at 159 Wood Avenue, located in the County of Richmond, City and State of New York.

**EIGHTEENTH:** That on or about November 8, 2017, while the Plaintiff was lawfully at the aforementioned premises, the individual Defendants, NEW YORK CITY POLICE DETECTIVE MICHAEL BENNETT, NEW YORK CITY POLICE

DETECTIVE GENARO BARREIRO, and, NEW YORK CITY POLICE OFFICER "JOHN DOE 3",, without probable cause, unlawfully entered plaintiff's residence, unlawfully detained, arrested, imprisoned, handcuffed, frisked and physically searched the Plaintiff's body/person, all without consent, permission, authority nor probable cause.

**NINETEENTH:** That no illegal item(s) or contraband were found on the Plaintiff's body or person.

**TWENTIETH:** That on or about November 8, 2017, the individual Defendants, NEW YORK CITY POLICE DETECTIVE MICHAEL BENNETT, NEW YORK CITY POLICE DETECTIVE GENARO BARREIRO, NEW YORK CITY POLICE OFFICER "JOHN DOE 3", NEW YORK CITY POLICE DETECTIVE MICHAEL FRIEDMAN, caused the Plaintiff to be arrested, under the laws of the City and State of New York.

**TWENTY-FIRST:** That after being unlawfully detained and imprisoned,
   a. That plaintiff was handcuffed and taken from her home to New York City Police Precinct 123, in Staten Island, New York;
   b. That Plaintiff was photographed;
   c. That Plaintiff was fingerprinted.

**TWENTY-SECOND:** That after being detained in jail, criminal charges were filed against Plaintiff. Plaintiff was charged with P.L. Sec. 120.00 (1) Assault in the Third Degree. Plaintiff was issued a Desk Appearance Ticket ordering her to return to Court on December 8, 2018.

**TWENTY-THIRD:** That Plaintiff was caused to go to Court.

**TWENTY-FOURTH:** That Plaintiff was caused to retain an attorney to represent her on the fraudulent and baseless charges.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-FIFTH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs **"FIRST"** through **"TWENTY-FOURTH"** of the complaint with the same force and effect as if fully set forth herein.

**TWENTY-SIXTH:** That upon information and belief, the Defendants' illegal and unlawful search of her person and property, her unlawful arrest, detainment, and imprisonment of the Plaintiff's body/person, was illegal, unreasonable, reckless, without a warrant nor probable cause, and was a violation and deprivation of the Constitutional rights of the Plaintiff as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. 1983 AND 42 U.S.C. 1988.

**TWENTY-SEVENTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

**TWENTY-EIGHTH:** That the acts of the individual defendants as described herein were intentional, wanton, malicious, oppressive, negligent, grossly negligent and/or reckless, thus entitling Plaintiff to an additional award of punitive damages against the said Individual Defendants in their individual capacities, in that the defendants were in possession of evidence which confirmed the Plaintiff's innocence and proof that Plaintiff did not commit the crime to wit, a video, yet proceeded nonetheless.

**TWENTY-NINTH:** That the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. 1983 and 1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS

**THIRTIETH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs **"FIRST"** through **"TWENTY-NINTH"** of the complaint with the same force and effect as if fully set forth herein.

**THIRTY-FIRST:** That the individual Defendants, acting in their individual capacities and under color of law, having conspired with others, reached a mutual understanding and intentionally acted to undertake a course of conduct that violated Plaintiff's civil rights, in violation and deprivation of the Constitutional rights of the Plaintiff as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. 1983 and 42U.S.C. 1988.

**THIRTY-SECOND:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

**THIRTY-THIRD:** That the acts of the Individual Defendants as described herein were intentional, wanton, malicious, oppressive, negligent, grossly negligent and/or reckless, thus entitling Plaintiff to an additional award of punitive damages against the said Individual Defendants in their individual capacities.

**THIRTY-FOURTH:** That the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. 1983 and 1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS

**THIRTY-FIFTH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs **"FIRST"** through **"THIRTY-FOURTH"** of the complaint with the same force and effect as if fully set forth herein.

**THIRTY-SIXTH:** That the aforesaid actions of the individual Defendants constitute intentional infliction of emotional distress on the Plaintiff under the laws of the City, State of New York.

**THIRTY-SEVENTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages and severe emotional distress.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS

**THIRTY-EIGHTH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs **"FIRST"** through **"THIRTY-SEVENTH"** of the complaint with the same force and effect as if fully set forth herein.

**THIRTY-NINTH:** That the individual Defendants were negligent, careless, reckless, and/or grossly negligent in the performance of their police duties in, searching, arresting, and imprisoning the Plaintiff.

**FORTIETH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages.

**FORTY-FIRST:** That the Defendants are liable to the Plaintiff under the laws of the City and State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE CITY OF NEW YORK

**FORTY-SECOND:** That the Plaintiff repeats and realleges the allegations contained in paragraphs **"FIRST"** through **"FORTY-FIRST"** of the complaint with the same force and effect as if fully set forth herein.

**FORTY-THIRD:** That as the employer of the individual Defendants at the times of their negligent conduct as set forth herein, the Defendant, CITY OF NEW YORK, is liable to the Plaintiff under the laws of the State of New York.

**FORTY-FOURTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE CITY OF NEW YORK

**FORTY-FIFTH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs **"FIRST"** through **"FORTY-FOURTH"** of the complaint with the same force and effect as if fully set forth herein.

**FORTY-SIXTH:** That the Defendant, CITY OF NEW YORK, was negligent in the hiring, supervision, training, and instruction of the individual Defendants.

**FORTY-SEVENTH:** That as a direct and proximate result of the deliberate indifference, carelessness, and or recklessness of the Defendant, CITY OF NEW YORK, toward the proper training and supervision of its police officers/employees, the Plaintiff has been deprived of her rights under the Fourth and Fourteenth Amendments of the United States Constitution, Sections 1983 and 1988 of Title 42 of the United States Code, and under the laws of the City, and State of New York.

**FORTY-EIGHTH:**  That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages.

**FORTY-NINTH:**   A jury trial of all issues is demanded.

**WHEREFORE,** Plaintiff requests judgment against Defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DETECTIVE MICHAEL BENNETT, NEW YORK CITY POLICE DETECTIVE GENARO BARREIRO, NEW YORK CITY POLICE OFFICER "JOHN DOE 3" AND NEW YORK CITY POLICE DETECTIVE MICHAEL FRIEDMAN as follows:

1. As against the individual Defendants, General and Compensatory damages in the sum of **ONE MILLION DOLLARS ($1,000,000.00)** on the First, Second, Third, and Fourth causes of action,

2. As against the individual Defendants, punitive damages in the sum of **ONE MILLION DOLLARS (1,000,000.00)** on the First and Second causes of action, and

3. As against Defendant, CITY OF NEW YORK, General and Compensatory damages in the sum of **ONE MILLION DOLLARS ($1,000,000.00)** on the First and Second Causes of Action asserted against it, and

4. Reasonable attorney's fees, pursuant to 42 U.S.C. 1988,

5. The costs of this action,

6. And such other and further relief as may be just and proper.

Dated:  December 5, 2018
        Staten Island, NY

                                                         _____
                                                         JAMES K. O'HALLORAN (7735)
                                                         Attorney for Plaintiff

17 Seneca Avenue  
Staten Island, NY 10301  
(718) 727-9303

## VERIFICATION

STATE OF NEW YORK            )
                             : ss.:
COUNTY OF RICHMOND           )

    COLEEN FERENCZI, above named being duly sworn, deposes and says: I am the Plaintiff in the within action; that I have read and know the contents of the foregoing First Amended Complaint; that the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters, I believe it to be true.

_____
COLEEN FERENCZI

Sworn to before me on
December  12  2018

_____
Notary Public

JAMES K. O'HALLORAN
Notary Public, State of New York
No. 02OH6068964
Qualified in Richmond County
Commission Expires Jan. 14, 20 22