```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COLEEN FERENCZI,

                        Plaintiff,

        -against-                                                ORDER
                                                                 18-CV-3352-FB-SJB
CITY OF NEW YORK,
DETECTIVE MICHAEL BENNETT,
POLICE DETECTIVE GENARO BARREIRO,
JOHN DOE,
MICHAEL FRIEDMAN,

                        Defendants.
-----------------------------------------------------------------X
```

**BULSARA, United States Magistrate Judge:**

Defendant City of New York (the "City") has moved to compel compliance with a Rule 45 subpoena issued to third-party Bill & Eileen's Neighborhood Pub ("B&E"). (Mot. to Compel ("Def.'s Mot.") dated July 9, 2019, Dkt. No. 26). The motion is denied.

A Rule 45 subpoena must be personally served. *See* Fed. R. Civ. P. 45(b)(1); 9A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2454 (3d ed.) ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally."); *but see* 9 James Wm. Moore et al., Moore's Federal Practice § 45.21 (2019) (noting that majority rule requires personal service, but some jurisdictions permit substitute service). "When a subpoena is to be served on a corporation, . . . the concept of 'personal' service is somewhat obscured, because the entity is not a 'person' on whom service can be directly made. Accordingly, service of a subpoena on an artificial entity may be made by using the analogous method for service of process on that entity under Rule 4." 9A Moore's Federal Practice § 45.21;

*GMA Accessories, Inc. v. Eminent, Inc.*, No. 07-CV-3219, 2007 WL 4456009, at *1 (S.D.N.Y. Dec. 11, 2007) (quoting 9 Moore's Federal Practice § 45.21); s*ee also Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 305 (S.D.N.Y. 2009) ("Rule of Civil Procedure 45 does not specify what constitutes personal service on a corporation in the United States or in a foreign country. To fill this gap, courts in this Circuit rely on the service of process requirements on corporations set out in Federal Rule of Civil Procedure 4") (collecting cases) (citing *In re Grand Jury Subpoenas Issued to Thirteen Corps.*, 775 F.2d 43, 46 (2d Cir. 1985)).

It appears the City attempted to serve B&E by delivering a copy of the subpoena to a corporate "agent" authorized to receive service of process. (*See* Aff. of Service of Subpoena ("Subpoena Aff."), attached as Ex. B to Decl. of Valerie E. Smith ("Smith Decl.") dated July 9, 2019, Dkt. No. 27). This is an acceptable method of service under either Rule 4(h)(1)(B) or New York C.P.L.R. 311(a)(1), which is incorporated by reference into Rule 4's methods for serving a corporation. *See* Fed. R. Civ. P. 4(h)(1)(A) & 4(e)(1). The definition of "agent" is substantively identical under these rules. *See Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014) (noting Rule 4 and New York C.P.L.R. 311 are based on the same language and "it is therefore appropriate to construe their provisions *in pari materia*"); *Avanti Enters., Inc. v. A&T Produce, Inc.*, No. 09-CV-1185, 2010 WL 3924771, at *1 (E.D.N.Y. July 21, 2010) ("The laws in New York . . . are substantively the same as the federal rule for the purposes [of effectuating service on a corporation]."), *report and recommendation adopted*, 2010 WL 3909243 (Sept. 30, 2010).

"In tendering service, the process server may rely upon the corporation's employees to identify the individuals authorized to accept service. As long as the

process server's reliance on corporate personnel is reasonable, the defendant may not later complain that it lacked notice even if the complaint was mistakenly delivered to a person who was not authorized to accept service." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) (citation omitted). "A process server's reliance has been found unreasonable when he made no attempt to ascertain the title or corporate position of the individual who accepted the papers or even to inquire whether the individual was actually an employee of the defendant corporation." *Prescription Containers, Inc. v. Cabiles*, No. 12-CV-4805, 2014 WL 1236919, at *6 (E.D.N.Y. Feb. 14, 2014) (quotations omitted), *report and recommendation adopted*, 2014 WL 1237098 (Mar. 25, 2014).

The City is not entitled to the presumption attendant to a process server's affidavit of service. The affidavits of service state that service was made on a "Jane Doe" who refused to give her name, but someone the process server "knew . . . to be an agent authorized to accept on behalf of the entity to be served." (Subpoena Aff.; Aff. of Service of Mot. to Compel filed July 11, 2019, Dkt. No. 29). How the process server knew that Jane Doe—an unknown person—was authorized to accept service is never stated. *Cf. Sommervold v. Wal-Mart, Inc.*, 709 F.3d 1234, 1236 (8th Cir. 2013) ("Sommervold failed to show any act *by Wal-Mart* that would lead Sommervold or the process server to believe that Hehn had authority to accept service."). And it is dubious to say the least to believe that a person who refuses to give her name would nonetheless concede that she was authorized to accept service on behalf of the corporation. This facial infirmity suggests service was not made to a person authorized to accept service. *See, e.g.*, *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc.*, No. 13-CV-4590, 2014 WL

6606402, at *4 (E.D.N.Y. Aug. 4, 2014) (finding service defective where "process server's affidavit describes the person who received the summons and complaint as a 'Jane Doe' who is 'designated by law to accept service of process on behalf' of defendant. The process server simply states that Jane Doe is authorized to accept service and does not state how he arrived at this conclusion; nothing is offered to support the assertion.") (citation omitted), *report and recommendation adopted*, 2014 WL 4536911 (Sept. 11, 2014); *Prescription Containers, Inc.*, 2014 WL 1236919, at *7 ("The Court cannot find based on the affidavit of service or Mr. Kemp's declaration that the unnamed individual [John Doe] he served was [authorized to accept service]."); *Augustin v. Apex Fin. Mgmt.*, No. 14-CV-182, 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015) ("The Court has some concerns about the validity of service of process in this case. . . . Mr. Valentine's affidavit does not describe the basis of his knowledge that Ms. Velasco was 'designated by law to accept service of process on behalf of' Apex."), *report and recommendation adopted*, 2015 WL 7430008 (Nov. 23, 2015). Where Courts have concluded that service on a "Doe" is proper, the person has affirmatively indicated that she is authorized to accept service on behalf of the corporation—as opposed to the process server somehow having "known" that person was authorized—and at least the person's first name is known. *E.g.*, *Home Loan Inv. Bank, F.S.B. v. Goodness & Mercy, Inc.*, No. 10-CV-4677, 2011 WL 1701795, at *7 (E.D.N.Y. Apr. 30, 2011) (deeming corporate service sufficient where "the process server left a copy of the summons and complaint with 'Ann "Doe" Manager', who indicated that she was authorized to accept service on behalf of the corporation").

The Court thus cannot conclude that service of the subpoena occurred on an agent authorized to accept service. *See, e.g.*, *Cooney*, 994 F. Supp. 2d at 270–71 (finding

4

an employee with "a relatively small role to play within the corporation" did not possess "the kind of senior corporate authority that the term 'managing or general agent,' as defined in Rule 4 and its incorporation of state law, contemplates"); *Shengjian Zhuang v. Hui's Garden Rest. Inc.*, No. 17-CV-7547, 2019 WL 1578193, at *2 (E.D.N.Y. Feb. 19, 2019).

The motion to compel is denied without prejudice to renewal. The City can either demonstrate through a detailed affidavit why "Jane Doe" is an authorized agent of B&E or re-serve the corporation pursuant to Rule 4 and then seek subpoena compliance.

Separately, the motion to compel suggests that the City is awaiting compliance with the third-party document subpoena before taking the Plaintiff's deposition. The City is laboring under the mistaken belief that it must have every document pertinent to damages in order to depose Plaintiff. It can hardly be said that the absence of documents, which go to one aspect of Plaintiff's damages and the speculation that there may be a document to suggest Plaintiff was at work on the date of the incident, is indicative of an inability to "meaningfully" depose Plaintiff. These topics can be explored at deposition via questioning and the Court expects Plaintiff's deposition to occur promptly, and not to await production of tangential documents—which may not exist at all—from a third-party.

SO ORDERED.

*/s/ Sanket J. Bulsara* August 14, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York